**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SHANTANU PTE. LIMITED, a Singapore
limited company,

Plaintiff,

vs.

A Photo Studio Limited,

Defendant.

**Case No. 1:26-cv-03995**

## COMPLAINT

Plaintiff, SHANTANU PTE. LIMITED ("Plaintiff"), by and through its attorneys, hereby brings this action for trademark and copyright infringement against Defendant A Photo Studio Limited ("Defendant"), and alleges based on information and belief as follows:

## JURISDICTION AND VENUE

1. This is an action for infringement of Plaintiff's trademarks and copyrights arising under United States, U.S. Trademark Act of 1946, as amended, (15 U.S.C. § 1051 *et seq*.), under the copyright laws of the United States, Copyright Act of 1976, as amended, (17 U.S.C. § 101 *et seq*.), and Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125).

2. Subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 1338 (action arising under an Act of Congress relating to trademarks and copyrights).

3. The Court has jurisdiction over unregistered foreign copyrights as applicable through the Berne Convention for the Protection of Literary and Artistic Works.

1

COMPLAINT FOR TRADEMARK
AND COPYRIGHT INFRINGMENT

Case No. 1:26-cv-03995

4. Venue is proper in this action under 28 U.S.C. §§ 1391 because Defendant does business within the state of Illinois, a substantial part of the harm from the events or omissions giving rise to the claims occurred in this District, and because the Defendant is subject to personal jurisdiction in this District.

5. Defendant's infringing mobile application is available throughout the United States and is available on the Google Play website. On information and belief, consumers within the Northern District of Illinois have downloaded and have made, and are continuing to make, purchases from Defendant's infringing mobile application. Therefore, Plaintiff's claims of infringement include transactions that happen on a regular basis within Illinois's jurisdiction.

6. Defendant transacted and conducted, and continues to transact and conduct, business in this judicial district, purposefully availing itself of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendant maintains ongoing contractual relationships within this district and conducts or solicits business within this district. Defendant directly and/or through intermediaries, offers for sale, sells, and advertises its products that are pertinent to this action within this district.

7. On information and belief, Defendant is not a resident of the United States. Therefore, for venue purposes under 28 U.S.C. § 1391(c)(3), Defendant may be sued in any judicial district, including the Northern District of Illinois.

## **INTRODUCTION**

8. This action has been filed by Plaintiff to combat an online mobile application developer who is deliberately infringing upon Plaintiff's intellectual property rights by providing a mobile application with in-app purchase capabilities that infringes upon Plaintiff's prior

COMPLAINT FOR TRADEMARK
AND COPYRIGHT INFRINGMENT

Case No. 1:26-cv-03995

intellectual property rights, including both registered and common law trademark and common law copyright rights.

9. Plaintiff is the owner of U.S. Trademark Registration No. 5621783 for , which was first used in connection with its own mobile application on or about October 24, 2016.

10. Plaintiff is the owner of U.S. Trademark Registration No. 7173359 for , which was first used in connection with its own mobile application on or about October 24, 2016.

11. Plaintiff is the owner of U.S. Trademark Registration No. 7982212 for , which was first used in connection with its own mobile application on or about October 24, 2016 (collectively with Registration Nos. 5621783 and 7173359 referred to herein as "Plaintiff's Registrations").

12. Plaintiff is also the owner of foreign trademarks for and has been using this icon as a trademark since at least as early as May 24, 2017.

13. Plaintiff uses the icon within Plaintiff's Registrations for its downloadable mobile application entitled "Collage Maker | Photo Editor" ("Plaintiff's Collage Maker App") and has not changed the icon since the mobile application released worldwide on or about October 24, 2016.

3

14.     Plaintiff's Collage Maker App has achieved over 200 million downloads worldwide, over 8 million downloads in the United States alone, and receives approximately 25% of the net revenue generated from users within the United States.

15.     Plaintiff's Collage Maker App maintains an impressive 4.9-star rating with over 3.6 million reviews.

16.     Plaintiff uses the [icon] icon within Plaintiff's Registrations for its downloadable mobile application entitled "Photo Editor - Collage Maker" ("Plaintiff's Photo Editor App") and has not changed the icon since the mobile application released worldwide on or about May 24, 2017.

17.     Plaintiff's Photo Editor App has achieved over 50 million downloads worldwide, over 5 million downloads in the United States alone, and receives approximately 25% of the net revenue generated from users within the United States.

18.     Plaintiff's Photo Editor App maintains an impressive 4.9-star rating with over 1.2 million reviews.

19.     Plaintiff has been using the same icons as the source identifiers for their mobile applications since their respective releases on or about October 24, 2016 and May 24, 2017.

20.     Plaintiff is also the owner of copyrights in the artwork used in connection with its mobile applications, including but not limited to the mobile applications' icons.

21.     Defendant created its own mobile application entitled "Collage Maker - Photo Editor" ("Defendant's Collage Maker App") on or about October 3, 2017, originally using the following design: .

4

22.     Defendant's icon for Defendant's Collage Maker App appears to simply be a

mirrored version of Plaintiff's  icon with an added dot: Plaintiff's  versus Defendant's

.

23.     Upon information and belief, by approximately June of 2018, Defendant changed

its icon to , removing the dot and bringing the colors even closer to Plaintiff's icon.

24.     Over time, Defendant continued to change its icon with only minor changes,

including the use of images infringing upon Plaintiff's Registrations, that have culminated in the

current version used by Defendant , which remains a mere mirrored version of Defendant's

icon design.

25.     Upon information and belief, Defendant's Collage Maker App has received

approximately 20 million downloads worldwide with approximately 675,000 downloads from

users in the United States, including, on information and belief, individuals residing in Illinois.

26.     Defendant released a second mobile application entitled "Pic Grid: Collage

Maker" ("Defendant's Pic Grid App") on or about April 8, 2018 that uses the following icon:

27.     Upon a visoual comparison, Defendant's icon for the Pic Grid App appears to be

an immitation of Plaintiff's  icon that falls within the scope of Plaintiff's Registrations.

5

28. Upon information and belief, Defendant's Pic Grid App has received over 1 million downloads worldwide, which includes, on information and belief, individuals residing in Illinois.

29. Plaintiff has attempted to enforce its intellectual property rights, but the online providers would not "mediate trademark disputes" between the parties and refused to remove Defendant's infringement.

30. Plaintiff attempted to resolve the infringement issue with Defendant directly, and received a response from Defendant that Defendant did not agree to remove the infringing content.

31. Defendant continues to infringe Plaintiff's intellectual property despite having full knowledge of Plaintiff's prior rights.

32. This Court has jurisdiction over Defendant, in that Defendant has committed acts of trademark and copyright infringement in this judicial district, is not a resident of the United States and may be sued in any judicial district, and has substantial and sufficient contacts within this district.

## PARTIES

**Plaintiff**

33. Plaintiff is a Singapore Limited Company with its principal place of business located at 8 Temasek Boulevard #20-01/04 Suntec Tower Three, Singapore 038988.

34. Plaintiff is the owner of U.S. Trademark Registration Nos. 5621783, 7173359, and 7982212, with first use dates on or about October 24, 2016, which is available to the public on the Trademark Electronic Search System on the United States Patent and Trademark website.

COMPLAINT FOR TRADEMARK
AND COPYRIGHT INFRINGMENT

Case No. 1:26-cv-03995

35.     Plaintiff received copyright protection for its artwork associated with its mobile applications when the mobile applications were respectively created on or about October 24, 2016 and May 24, 2017. Plaintiff's artwork was publicly available in connection with its mobile applications on the Google Play and/or Apple store.

**Defendant**

36.     Defendant is a mobile application developer that has published mobile applications on the Google Play store.

37.     The information on the Google Play store merely refers to Defendant as "A Photo Studio Limited" and is supposedly located in Hong Kong.

38.     Despite a good faith and reasonable effort, Plaintiff has not been able to confirm the existence of a valid company by that name.

39.     The information on the Google Play store includes a Hong Kong address that does not appear to be a legitimate business address. Plaintiff's investigation revealed the exact same address, down to the same room number, is being used as an address by numerous companies.

40.     Upon information and believe, the only reliable information for Defendant are two email addresses of contactus@aphotostudio.me and contactshamble@gmail.com. Defendant responded to Plaintiff in prior correspondence using the contactshamble@gmail.com regarding Defendant's infringement.

41.     At such time as Plaintiff learns the true names, identities, and capacities of Defendant, Plaintiff will amend this Complaint to reflect such names and capacities.

## THE DEFENDANT'S UNLAWFUL CONDUCT

42.     Plaintiff's Registrations contain goods identification lists consisting of various goods relating to downloadable mobile applications for photo editing in International Class 009.

COMPLAINT FOR TRADEMARK
AND COPYRIGHT INFRINGMENT

Case No. 1:26-cv-03995

43. Plaintiff uses Plaintiff's Registrations and copyright protected icons in connection with its mobile applications on the Google Play and/or Apple store.

44. Plaintiff exclusively owns all rights in the art for the icons for its mobile applications, including without limitation the rights to reproduce the copyright protected work, to prepare derivative works based upon the copyright protected work, and to distribute copies of the copyright protected work to the public.

45. Upon information and belief, Defendant created its own mobile applications that were released on Google Play on or about on or about October 3, 2017 and April 8, 2018, both dates are subsequent to Plaintiff's rights in its trademarks and copyrights.

46. Defendant's mobile applications use icons that are confusingly similar to Plaintiff's Registrations and copyright protected icons.

47. Even after Plaintiff provided notice of its trademarks and infringement claims, Defendant continues to use icons that are substantially and confusingly similar to Plaintiff's Registrations and copyright protected works.

48. Upon information and belief, Defendant only created its mobile applications after Plaintiff began providing the same type of mobile applications and after Plaintiff's mobile applications were known and recognized by consumers.

49. Defendant's description of its mobile applications specifically describes the purpose and function of the mobile applications as "the best" photo editor with the purpose of being able to edit photos and images.

50. Plaintiff's Registrations specifically identify downloadable mobile applications for photo editing in International Class 009.

COMPLAINT FOR TRADEMARK
AND COPYRIGHT INFRINGMENT

Case No. 1:26-cv-03995

51.    Both Plaintiff's and Defendant's mobile applications target the same consumers, namely, consumers looking for mobile applications to help with editing photographs and images and creating collages, among other potential editing functions.

52.    Both Plaintiff's and Defendant's mobile applications are provided through the same channels of trade, namely, the Google Play store.

53.    Defendant's infringing icons use the compartmentalized box design used in Plaintiff's Registrations with minimal changes that provide the same overall commercial impression as Plaintiff's Registrations and copyright protected works.

54.    Defendant had access to Plaintiff's Registrations and copyright protected works through the USPTO database and the Google Play store and, upon information and belief, intentionally incorporated Plaintiff's intellectual property in order to financially benefit from Plaintiff's intellectual property.

55.    Upon information and belief, Defendant's infringing mobile applications represent a clear attempt to benefit from Plaintiff's hard-earned popularity and goodwill, and is a willful and deliberate attempt to obtain potential users, and revenue, based off of Plaintiff's intellectual property and established goodwill.

56.    Defendant's exploitation of Plaintiff's Registrations and copyright protected works for Defendant's own substantially similar mobile applications constitute infringement of Plaintiff's intellectual property rights.

57.    Defendant's infringing acts were willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights.

COMPLAINT FOR TRADEMARK
AND COPYRIGHT INFRINGMENT

Case No. 1:26-cv-03995

## COUNT I
### Trademark Infringement – Lanham Act § 32(1), 15 U.S.C. § 1114(1)

58.     Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-57 as if the same was fully set forth herein.

59.     Plaintiff owns prior rights in Plaintiff's icon designs and is the owner of Plaintiff's Registrations and common law trademark rights for the icon design.

60.     By virtue of its Federal registrations, Defendant had at least constructive notice of Plaintiff's trademark rights.

61.     By virtue of the public use on Google Play, the same platform on which Defendant operates its own mobile applications, Defendant would have known of Plaintiff's rights in Plaintiff's trademark rights.

62.     By virtue of Plaintiff's prior correspondence with Defendant regarding Defendant's infringing conduct, Defendant had actual notice of Plaintiff's trademark rights.

63.     Defendant's unauthorized use of its and icons ("Defendant's Infringing Icons"), and the minor variations thereof, creates a likelihood of confusion among consumers into downloading Defendant's mobile applications believing them to come from, or be associated with or approved by, the trustworthy and reputable source associated with Plaintiff.

64.     Defendant is using Plaintiff's hard-earned reputation and goodwill to deceive consumers into downloading Defendant's products, at the expense of Plaintiff.

65.     Defendant's use of Defendant's Infringing Icons in connection with identical and highly related goods, namely, photo editing and collage mobile applications, is likely to cause

10

confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendant and as to the origin, sponsorship, or approval of Defendant's goods with Plaintiff.

66.     Defendant provides its goods to identical consumers as Plaintiff's goods and uses the identical trade channel of at least the Google Play store to reach said consumers.

67.     Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury.

68.     Plaintiff is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendant's profits resulting from the infringement and actual damages sustained by Plaintiff, both to be proven at trial, as well as costs of the case.

69.     Defendant's willful, deliberate, and intentional infringement, even after Plaintiff attempted to contact Defendant, makes this case exceptional and entitles Plaintiff to reasonable attorney's fees.

## <u>COUNT II</u>
**Federal Unfair Competition and False Designation of Origin – Lanham Act Section 43(a), 15 U.S.C § 1125**

70.     Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-69 as if the same was fully set forth herein.

71.     Defendant engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith using confusingly similar icon designs to Plaintiff's prior registered and common law trademark rights in connection with essentially identical goods, identical channels of trade, and targeting identical consumers.

COMPLAINT FOR TRADEMARK                                    Case No. 1:26-cv-03995
AND COPYRIGHT INFRINGMENT

72.     Defendant's use of Defendant's Infringing Icons in commerce in connection with essentially identical goods, namely, photo editing and collage downloadable mobile applications, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendant and as to origin, sponsorship, or approval of Defendant's goods by Plaintiff.

73.     Defendant's use of Defendant's Infringing Icons attempts to confuse and deceive consumers into downloading Defendant's goods believing them to come from, or be associated with or approved by, the trustworthy and reputable source associated with Plaintiff.

74.     Defendant is using Plaintiff's reputation and goodwill to deceive consumers into downloading Defendant's product, at the expense of Plaintiff.

75.     By using Defendant's Infringing Icons in connection with the promotion of its downloadable mobile applications, Defendant created and is creating a false designation of origin and a misleading representation of fact as to the origin and sponsorship of Defendant's downloadable mobile applications.

76.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of Defendant's downloadable mobile applications to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

77.     Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury.

COMPLAINT FOR TRADEMARK
AND COPYRIGHT INFRINGMENT

Case No. 1:26-cv-03995

78.     Plaintiff is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendant's profits resulting from the infringement and actual damages sustained by Plaintiff, both to be proven at trial, as well as costs of the case.

79.     Defendant's willful, deliberate, and intentional infringement makes this case exceptional and entitles Plaintiff to reasonable attorney's fees.

## COUNT III
### Copyright Infringement – 17 U.S.C § 501, *et seq.*

80.     Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-79 as if the same was more fully set forth herein.

81.     Plaintiff's icons constitute an original work and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

82.     At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in Plaintiff's copyright protected works, which has never been assigned, licensed, or otherwise transferred to Defendant in any way.

83.     Plaintiff is entitled to protection of its copyright protected works through the Berne Convention for the Protection of Literary and Artistic Works, in which the United States is a signatory, along with many other countries in which Plaintiff's mobile applications using the copyright protected works were released.

84.     Plaintiff's copyright protected works are published and available to Defendant online through at least the Google Play store and are found under the same category as Defendant's mobile applications. As such, Defendant had clear access to Plaintiff's copyright protected works via the internet.

85.     Without authorization from Plaintiff, or any right under the law, Defendant has deliberately copied, displayed, distributed, reproduced and made derivative works incorporating

13

Plaintiff's copyright protected works. Defendant's unauthorized, reproduced, and derivative works are substantially similar to the copyright protected works used by Plaintiff. Such conduct is a deliberate infringement of Plaintiff's intellectual property rights.

86.     Defendant has unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating unauthorized reproductions that capture and mimic the total concept and feel of Plaintiff's copyright protected works.

87.     On information and belief, the Defendant's infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's intellectual property rights.

88.     Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury. Plaintiff is entitled to injunctive relief through 17 U.S.C. § 502.

89.     As a direct and proximate result of its wrongful conduct, Plaintiff has suffered and will continue to suffer actual damages in addition to Defendant profiting and continuing to profit from its wrongful conduct. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

90.     Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.     For judgment in favor of Plaintiff against Defendant on all claims;

COMPLAINT FOR TRADEMARK                                    Case No. 1:26-cv-03995
AND COPYRIGHT INFRINGMENT

2. That pursuant to 15 U.S.C. § 1116 and to the Court's inherent equitable powers, the Court issue a preliminary and permanent injunction restraining and enjoining Defendant from using the  and icons, or minor deviations thereof, as well as any marks confusingly similar to Plaintiff's Registrations and Plaintiff's and icon designs;

3. That pursuant to 17 U.S.C. § 502 and the Court's inherent equitable powers, the Court issue a permanent injunction restraining and enjoining Defendant from reproducing, distributing copies of, making derivative works of, or publicly displaying Plaintiff's copyright protected works;

4. That pursuant to 17 U.S.C. § 502 and the Court's inherent equitable powers, Defendant's infringing mobile application be permanently removed from all online platforms and Defendant be permanently restrained from future infringement of Plaintiff's copyright protected works;

5. That pursuant to 15 U.S.C. § 1117(a), Plaintiff recover Defendant's profits, such sums in addition thereto as the Court shall find just, and the costs of this action;

6. That pursuant to 17 U.S.C. § 504, Plaintiff recover actual damages and Defendant's profits, such sums to be proven at trial;

7. Judgment that this case is exceptional, and that the Defendant be ordered to pay all of Plaintiff's attorney fees associated with this action pursuant to 15 U.S.C. 1117(a);

8. That Defendant be ordered to pay all of Plaintiff's attorney fees and costs associated with this action pursuant to 17 U.S.C. § 505;

15

COMPLAINT FOR TRADEMARK
AND COPYRIGHT INFRINGMENT

Case No. 1:26-cv-03995

9.     Entry of an Order that, upon Plaintiff's request, any online platform provided reasonable notice of the injunction, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the infringing mobile applications and/or remove or delete any such infringing mobile applications;

10.     Awarding pre- and post- judgment interest.

11.     Awarding Plaintiff such other and further relief as this Court deems is just and proper;

### Jury Trial Demand

Plaintiff requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated this 9th day of April 2026

**BAYRAMOGLU LAW OFFICES LLC**

By: ___/s/ David Silver_____
DAVID SILVER, ESQ.
david@bayramoglu-legal.com
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89014
*Attorneys for Plaintiff*

16

COMPLAINT FOR TRADEMARK
AND COPYRIGHT INFRINGMENT

Case No. 1:26-cv-03995